UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL K. DOUZAT,<br><br>      Plaintiff(s),<br><br>v.<br><br>ANDREW SAUL,<br><br>      Defendant(s). | Case No.: 2:17-cv-01740-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

On October 11, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 27. This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 15. The Commissioner filed a response in opposition. Docket No. 18. Plaintiff filed a reply. Docket No. 19. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

    A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have

3

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g).  If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.   BACKGROUND**

   A.   Procedural History

On December 29, 2010, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of September 15, 2008.  *See, e.g.*, Administrative Record ("A.R.") 250-56.  Plaintiff's claim was denied initially on November 21, 2011, and upon reconsideration on March 23, 2012.  A.R. 146-49, 154-56.  On April 13, 2012, Plaintiff filed a request for a hearing before an ALJ.  A.R. 157.  On December 18, 2012, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Norman L. Bennett.  *See* A.R. 53-86.  On January 25, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision.  A.R. 122-40. On April 17, 2014, the Appeals Council remanded the matter to the ALJ for further proceedings. A.R. 141-44.  On March 13, 2015, Plaintiff, Plaintiff's representative, and a vocational expert appeared for another hearing before the ALJ.  A.R. 87-104.  At that hearing, Plaintiff amended his claim to seek a closed period from September 15, 2008 to December 31, 2012, based on his

5

earnings from work after that date. *See* A.R. 89. On April 21, 2015, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through December 31, 2012. A.R. 25-49. On October 27, 2016, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 7-12.

On June 26, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.[2] On October 11, 2019, this case was reassigned to the undersigned magistrate judge. Docket No. 27.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 29-42.[3] At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and did not engaged in substantial gainful activity from September 15, 2008 to December 31, 2012. A.R. 31. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, gout, cardiac arrhythmia, lumbar degenerative disc disease, sleep apnea, bipolar disorder II, and generalized anxiety. A.R. 31. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 31-33. The ALJ found that Plaintiff had, during the relevant period, a residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) except that he was limited to performing simple, repetitive tasks that required only short, superficial contact with supervisors, co-workers, and general public.

A.R. 33-41. At step four, the ALJ found Plaintiff not capable of performing past relevant work as a building repairer, forklift driver-industrial truck operator, and apartment manager. A.R. 41. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff

---

[2] Plaintiff received an extension of the deadline to seek judicial review. *See* A.R. 5.

[3] The ALJ's second decision is the operative decision for which judicial review is sought.

6

could perform based on his age, education, work experience, and residual functional capacity. A.R. 41-42. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 on the alleged disability onset date and 45 years old at the end of the closed period with at least a high school education and an ability to communicate in English. A.R. 41. The ALJ found the transferability of job skills to be immaterial. A.R. 41. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an office helper, mail clerk, and small products assembler. A.R. 41-42.

Based on all of these findings, the ALJ found Plaintiff not disabled from the alleged onset date to the end of the closed period. A.R. 42.

## III.    ANALYSIS AND FINDINGS

The primary issue on appeal is whether the ALJ erred in the evaluation of the medical opinion evidence presented with respect to mental impairment. Plaintiff argues that the ALJ erred in his evaluation of the opinion of Dr. Bonnie Winkelman. *See, e.g.*, Mot. at 12-13.[4] In particular, Plaintiff argues that the ALJ erred by failing to articulate any justification for rejecting Dr. Winkelman's finding that Plaintiff was able to understand, remember, and carry out at most one- or two-step instructions. *See id.* at 12; *see also* Reply at 3. The Commissioner responds that the

---

[4] Both parties discuss and rely on portions of Dr. Warner Wilson's opinion, which was not cited or discussed by the ALJ. In light of the finding of error with respect to the opinion of Dr. Winkelman, the undersigned declines to resolve the arguments presented with respect to Dr. Wilson. The Court notes, however, that the parties' positions with respect to Dr. Wilson are underdeveloped. Plaintiff's counsel represented during the ALJ's hearing on remand that Plaintiff's condition had stabilized with medication sufficiently to enable him to return to work as a forklift driver as of December 31, 2012. *See* A.R. 89-90, 93-94. The ALJ's decision notes that Plaintiff admitted that his symptoms had improved after the closed period. A.R. 31. The ALJ's decision also addresses Plaintiff's treatment beginning in November 2012, the records from which showed no current or immediate health concerns and no mental health concerns. A.R. 40. Hence, this case is for a closed period of disability ending on December 31, 2012. A.R. 28. Dr. Wilson's opinion was rendered <u>roughly 18 months later</u>, on June 14, 2014. A.R. 1138, 1147.

A claimant's abilities outside the closed period are generally not probative of the question of disability during the closed period. *See Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 925 (9th Cir. 2002). Hence, examinations conducted well after the closed period are generally of limited or no value to the disability determination. *Cf. Miles v. Berryhill*, 2017 WL 3388177, at *3 (D. Ore. Aug. 7, 2017) (collecting cases). Neither party directly acknowledges this timing issue, let alone provides meaningful argument why a 2014 opinion bears on the ALJ's finding that Plaintiff was not disabled from September 15, 2008 to December 31, 2012.

ALJ appropriately synthesized Dr. Winkelman's findings into the RFC. *See* Resp. at 3-5. Plaintiff has the better argument.

Dr. Winkelman found that Plaintiff was limited to one- or two-step instructions. A.R. 523. The ALJ expressly recognizes that finding in his decision. A.R. 39. Nonetheless, the ALJ formulated Plaintiff's RFC to instead include a limitation to simple, repetitive tasks. A.R. 34. The undersigned was presented with a substantially similar scenario recently and found that the ALJ had erred. *See Vangemert v. Berryhill*, 2019 WL 2610125, at *4 (D. Nev. Mar. 7, 2019) (discussing *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015)), *adopted*, 2019 WL 2603085 (D. Nev. June 25, 2019). The undersigned will do the same here.

In *Rounds*, the Ninth Circuit addressed whether an ALJ erred in formulating an RFC that included a limitation to one- to two-step tasks, but then concluded that the claimant could perform jobs that had DOT level two reasoning. 807 F.3d at 1003. The Ninth Circuit held that there was an apparent conflict between a limitation to one- to two-step tasks and a DOT occupation assigned level two reasoning, "which requires a person to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Id*. In so doing, the Ninth Circuit pointed to the similarity between such a limitation and DOT reasoning level 1, which requires a person to apply a "commonsense understanding to carry out simple one- or two-step instructions." *Id.* The Ninth Circuit remanded for the ALJ to determine whether there was a reasonable basis for reconciling the conflict in that case between the RFC limitation and the DOT occupation. *Id.*

The reasoning of *Rounds* has been expanded to a slightly different scenario. "[A] number of district courts within this Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." *Wilson v. Colvin*, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017) (collecting cases). Having found such error, these courts have remanded for further proceedings. *Striet v. Berryhill*, 2019 WL 386227, at *7 (D. Nev. Jan. 11, 2019) (collecting cases), *adopted*, 2019 WL 383996 (D. Nev. Jan. 30, 2019); *accord Vangemert*, 2019 WL 2610125, at *4-5; *Joseph O. v. Comm'r of Soc. Sec.*, 2019 WL 4561453, at *12 (D. Ore. Sept. 3, 2019), *adopted*, 2019 WL 4544265 (D. Ore. Sept. 18, 2019).

8

The scenario confronting these district courts is the same situation in this case. Dr. Winkelman opined that Plaintiff was limited to carrying out one- or two-step instructions. *See, e.g.*, A.R. 523. Although the ALJ identified reasons to discount other aspects of Dr. Winkelman's opinion, the ALJ provided no reasons with respect to the one- or two-step instruction limitation; instead simply adopting a "simple, repetitive tasks" limitation in the RFC. A.R. 34.[5] The ALJ's RFC limitation of "simple, repetitive tasks" constituted an implicit rejection of Dr. Winkelman's finding that Plaintiff was limited by a one- to two-step instruction limitation. *See, e.g.*, *Striet*, 2019 WL 386227, at *7. It was error for an ALJ to implicitly reject such opinion without articulating an explanation supported by substantial evidence. *See, e.g.*, *id.* at *8.[6]

Moreover, the ALJ concluded that Plaintiff could perform work as a small parts assembler, office helper, and mail clerk. Plaintiff argues that the above error was not harmless because these jobs require more than level one reasoning. *See* Mot. at 12-13; *see also Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1136 n.10 (C.D. Cal. 2009) (finding small parts assembler and office helper both require level two reasoning); Resp. at 6 (acknowledging that mail clerk requires level three reasoning). The undersigned agrees with Plaintiff that the error in formulating the RFC was not harmless because of the conflict between a limitation to one- to two-step tasks and an occupation that requires level two or level three reasoning. *Cf. Striet*, 2019 WL 386227, at *7.

Consistent with *Rounds* and the many district court decisions applying it in the same context presented in this case, the undersigned concludes that the ALJ erred and that remand is required for further proceedings to address the issues identified herein.[7]

---

[5] The Commissioner appears to argue that the ALJ rejected the one- or two-step instruction limitation because it stemmed from Plaintiff's own subjective complaints. Resp. at 4. The ALJ elsewhere discounted other aspects of Dr. Winkelman's opinion on that basis, such as the GAF score. *See* A.R. 39-40. The ALJ did not articulate that as a basis for discounting the one- or two-step instruction limitation, however. *See* A.R. 39. The Court's review on appeal is limited to the reasons identified by the ALJ. *E.g.*, *Bray*, 554 F.3d at 1226.

[6] The Court notes that the ALJ did not have the benefit at the time of his decision of *Rounds* or the other case law identified herein, which were all issued thereafter.

[7] None of the other arguments presented alters the conclusion that remand for further proceedings is appropriate, so these other arguments will not be addressed.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 15) be **GRANTED** in that this case should be remanded for further proceedings.

Dated: January 7, 2020

                                                          Nancy J. Koppe
                                                          United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).